SCHOOL DISTRICT No. 9 *v.* McLINTOCK.

SAME *v.* TILLSON.

1. Schools and School Districts—Primary School Districts—Authority of Board to Borrow Money for School Site.

Where primary school district voted to purchase new site for schoolhouse, but made no provision for funds to pay for same, school board had no authority to borrow money for such purpose (2 Comp. Laws 1929, §§ 7103, 7432, 7433, 7486, 7508).

2. Same—Void Contract—Recovery of Payments.

Contracts entered into by primary school district board to purchase new site for schoolhouse when no funds had been provided for that purpose are void, and, being executory, recovery may be had of payments made thereon.

3. Same—Tender Back—Where Contract Void Tender Back Not Necessary.

Where contract by primary school district board to purchase new site for schoolhouse was void, there was nothing to rescind or tender back to restore *status quo*, and therefore action could be maintained to recover payments made without first offering to restore contract.

Appeal from Oakland; Root (Jesse H.), J., presiding.  Submitted June 3, 1931.  (Docket No. 76, Calendar No. 35,674.)  Decided June 25, 1931.

Separate actions of assumpsit by Fractional School District No. 9 of the townships of Waterford and Pontiac, Oakland county, a municipal corporation, against A. E. McLintock and another and J. Arthur Tillson for sums paid on land contracts for the purchase of school sites.  Cases were consolidated before hearing by order of court.  Judgments for plaintiff.  Defendants appeal.  Affirmed.

*Pelton & McGee,* for plaintiff.

*Milo D. McLintock* and *A. Floyd Blakeslee,* for defendants McLintock.

*J. A. Tillson, in pro. per.*

CLARK, J.  In each of these two consolidated cases, the plaintiff, primary school district, sued to recover back money paid on a void contract and had judgment.  Defendants have appealed.

The district had a school site, but change was desired.  In October, 1928, the district by its school board entered into a contract with Arthur E. McLintock and Mary E. McLintock for the purchase of certain land in the district for school site.  The price was $18,000, $5,000 paid down.  The remainder was payable $3,000 per year with interest.  The contract contained usual provisions respecting default and re-entry.  On this contract the district paid in principal and interest $5,390.

In March, 1929, the district by its school board entered into another contract with J. Arthur Tillson

for the purchase of land adjoining the McLintock parcel, also for school site. The price was $30,000, $5,000 paid down, and the remainder payable $5,000 per year with interest. This contract was similar to the other in form. But $5,000 was paid on this contract.

The district board borrowed the money to make the payments on these contracts. The old school site was not sold. In August, 1929, when a proposition of bonding for $45,000 to pay for the land "now being purchased" was about to be submitted to the voters, the district was restrained at the suit of a taxpayer from going on with the contracts, and later, on final decree, the restraint was made permanent. The vendors in the contracts were not parties to the injunction suit. The district did not appeal.

At a district meeting in October, 1928, a motion was carried that the board purchase the McLintock parcel "and as much more of the surrounding land as the board deems fit for school purposes." The district had no sufficient fund usable for the purpose.

The chief question is that, no fund having been provided out of which the purchase might be made, the school board could not bind the district as purchaser for the indebtedness evidenced by the contracts.

The statute is Act No. 319, Pub. Acts 1927 (2 Comp. Laws 1929, § 7094 *et seq.*). From section 9, chapter 2, part 1 (2 Comp. Laws 1929, § 7103), we quote:

"SEC. 9. The qualified voters of any school district when lawfully assembled at the first and at each annual meeting or at an adjournment thereof, or at

any special meeting lawfully called, except as hereinafter provided, shall have power:   *   *   *

"Fourth. To vote such tax as the meeting shall deem sufficient to purchase or lease a site or sites, or to build, hire or purchase a schoolhouse or houses; the foregoing tax when levied and collected, together with all the funds derived from bonding for the same purposes, and all insurance money received for the loss of a schoolhouse or schoolhouses, when received by the treasurer, shall be accounted for under the title of 'building and site fund.' Money belonging to the building and site fund shall be used for no other purpose than that for which it was raised without a consenting vote of two-thirds of the taxpaying voters of the district present and voting."

Paragraph 8, § 14, chapter 5, part 2 (2 Comp. Laws 1929, § 7432), provides that no money raised by tax shall be used for any other purpose than that for which it was raised, without the consent of a majority of the voters. Section 15, chapter 5, part 2 (2 Comp. Laws 1929, § 7433), permits the board to borrow on the strength of a tax and not exceeding the total thereof when the tax has been estimated and voted by the district and the money is needed before it can be collected.

Section 1, chapter 12, part 2 (2 Comp. Laws 1929, § 7486), authorizes the district by a majority vote of qualified voters present at a proper meeting to borrow money and issue district bonds therefor, for certain purposes, among them to pay for a school site.

Under the statute (2 Comp. Laws 1929, § 7508), the voters may designate a site; they may direct the board to purchase such site, and, to make the action effectual, they must provide funds, if required as here, either by voting a tax or by voting to bond.

Here no tax was voted to pay the purchase price and hence there could be no borrowing in anticipation of it. Nor was there a vote to bond.

It is well said by Hon. Guy A. Miller, who heard the injunction suit (and the trial judge, Hon. Jesse H. Root, expressed substantially the same opinion):

"To purchase the land by such land contracts is to incur an indebtedness. To incur indebtedness is to borrow money. It is not possible to find, or at least it has not been pointed out in the argument where there can be found any provision authorizing a school district to borrow money other than by the issuance of bonds or by the temporary borrowing in anticipation of the collection of a tax already levied. Clearly, the incurring of an indebtedness by way of land contract is not a borrowing in anticipation of a tax already levied. Equally clearly, it is not the issuance of bonds. Under the provisions of the general school laws, therefore, the incurring of an indebtedness in this manner is not authorized by the school laws."

It follows that the contracts are void, and, being void and executory, there may be recovery of payments made. *Kuchenmeister* v. *Dusza*, 218 Mich. 497.

Appellants further contend that these suits at law to recover back the money paid on the contracts will not lie as there was before suit no restoration of or offer to restore the contracts and whatever else the district had received. This was correctly answered by the trial judge:

"In the case at bar, there is a void contract, hence no contract at all. There is nothing to rescind and, under the holding of *Rott* v. *Goldman*, 236 Mich. 261, action may be taken for the recovery of plaintiff's money without restoration to *status quo*."

Other questions presented are unnecessary to decision and therefore they should be, and they are, passed.

Affirmed.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.