BETZ *v.* BERRIEN COUNTY BUILDING AUTHORITY.

1. MUNICIPAL CORPORATIONS—BUILDING AUTHORITIES—VALIDITY OF STATUTE.

 The validity of the statute allowing a municipality to create a building authority for the purpose of acquiring and equipping buildings for lease to and use by the municipality has been well established (CL 1948, § 123.951 *et seq.,* as amended).

2. COUNTIES—COUNTY BUILDING AUTHORITY—LEASE OF BUILDING.

 Payment by a county to its building authority of money for a site for a proposed county building and advance payment of a sum as initial rental, prior to taking possession, do not change the character of the agreement as a lease, where the money paid is credited to the county as rent under the lease.

3. SAME—COUNTY BUILDING AUTHORITY—LEASE OF BUILDING—DURATION.

 The fact that a lease agreement is of short duration and thus results in higher rentals than one of longer duration is not a ground for objection as long as the term of the lease is within the minimum and maximum set by statute (CL 1948, § 123.958, as amended by PA 1967, No 200; CL 1948, § 123.961, as amended by PA 1965, No 5).

4. SAME—COUNTY BUILDING AUTHORITY—LEASE OF BUILDING—OPERATING EXPENSES.

 The fact that the county assumes risk of loss and pays operating expenses on a building leased by it from its building authority rather than paying these costs to the building authority in the form of rent does not change the nature of the agreement between the 2 from a lease to a contract of sale.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 10] 38 Am Jur, Municipal Corporations § 483 *et seq.*
[2–7] 38 Am Jur, Municipal Corporations § 489.
[8] 38 Am Jur, Municipal Corporations § 386.
[9] 41 Am Jur, Pleadings § 340 *et seq.*
[11] 5 Am Jur 2d, Appeal and Error § 1009.

5. SAME—COUNTY BUILDING AUTHORITIES—LEASE OF BUILDINGS—
CONVEYANCE OF PREMISES.

The conveyance of premises by a county building authority to its county on the expiration of a lease of the building to the county does not convert the lease agreement into a contract of sale, for such a conveyance is anticipated and specifically authorized by the statute (CL 1948, § 123.963)..

6. SAME—COUNTY BUILDING AUTHORITY—LEASE OF BUILDING—
RENTAL PAYMENTS—DEBT.

Annual rental payments by a county to its building authority for the lease of a building are current operating expenses and do not constitute a debt in the constitutional sense, and thus statutory debt limitations are not applicable.

7. SAME—COUNTY BUILDING AUTHORITY—BOND ISSUE—OBLIGATION
OF PARTIES.

Bonds issued by county building authority to finance building construction and to be paid through building rents collected from the county are the sole obligation of the building authority and the faith and credit of the county are not pledged to their payment.

8. SAME—COUNTY BUILDING AUTHORITY—TAXATION—LEASE OF BUILD-
ING.

The constitutional 15-mill general limitation on taxes does not apply to taxes imposed for the payment of contract obligations in anticipation of which bonds are issued; therefore a county may levy annually such ad valorem taxes as may be necessary to meet its obligation to a county building authority (Const 1963, art 9, § 6).

9. PLEADING—SUMMARY JUDGMENT—ALLEGATIONS OF FACT.

Only *well-pleaded* allegations in the complaint are assumed to be true in considering a motion for summary judgment, and a bare assertion that something is unreasonable is no more than a conclusion, not a well-pleaded fact.

10. COUNTIES—COUNTY BUILDING AUTHORITY—LEASE OF BUILDING.

Rent paid by a county to a county building authority for a building is not unreasonable unless it produces funds in excess of the amount required to retire principal and interest on the bonds issued to finance construction.

11. COSTS—PUBLIC QUESTION.

No costs are awarded on appeal of an action contesting the levy of taxes by a county to pay rent on a building to be built by a county building authority, a public question being involved.

Appeal from Berrien, Anderson (David, Jr.), J.,
presiding. Submitted Division 3 April 3, 1968, at
Grand Rapids. (Docket No. 4,321.) Decided June
28, 1968.

Complaint by Arthur C. Betz, for himself and all
other taxpayers similarly situated, against the Ber-
rien County Building Authority, Inc., and Allan W.
Baker, Jr., chairman of its commission, the county
of Berrien, and Robert C. Feather, as chairman of
its board of supervisors, for declaratory judgment
that a lease between the county and the county build-
ing authority is void, for an order enjoining the
payment of any public funds by the county to its
building authority, and for an injunction against the
issuance of any additional revenue bonds pursuant to
the lease. Defendants' motion for summary judg-
ment granted. Plaintiff appeals. Affirmed.

*Lee Boothby,* for plaintiff.

*John T. Hammond,* Prosecuting Attorney, for de-
fendants County of Berrien and Robert C. Feather.

*Ronald H. Lange* and *Miller, Canfield, Paddock &
Stone* (*Robert E. Hammell,* of counsel), for defend-
ants Berrien County Building Authority, Inc. and
Allan W. Baker, Jr.

Ziem, J. The defendant county of Berrien caused
the incorporation of the defendant Berrien County
Building Authority (herein referred to as the Au-
thority) under the authorization found in CL 1948,
§ 123.951 *et seq.,* as amended (Stat Ann 1961 Rev
and 1968 Cum Supp § 5.301[1] *et seq.*), herein re-
ferred to as the Building Authority Act.

Defendant county approved a contract for the purchase of land upon which a new county building was to be constructed and the county board passed a resolution to appropriate money to the Authority for the purchase of the land. The land was conveyed to the Authority for $70,000. By ordinance, the Authority authorized the issuance of revenue bonds in the amount of $2,575,000 for the purpose of constructing, furnishing, and equipping, on the land acquired by the county and conveyed to the Authority, a building suitable for use by the county for administrative offices and court facilities. The land and building were then "leased" to the county for an amount sufficient to pay principal and interest on the Authority's bonds. These bonds were payable solely from and secured by payments to be made by the county to the Authority pursuant to a "lease contract" entered into by the county and the Authority. The term of the lease contract was for a period extending beyond the last maturity date of the bonds issued by the Authority (slightly longer than 20 years from their date and thus approximately 20 years after the county's going into possession of the premises). The Authority declared the useful life of the building to be not less than 40 years. The "lease contract" provided for the payment of a single initial rental payment of $450,000 and fixed annual rentals of $195,000 each year. Subsequently, the Authority by ordinance authorized the issuance of $650,000 additional revenue bonds of equal standing as the bonds originally issued and to be payable from the same revenues and secured in the same way as the original bond issue. In order to assure proper payment of the principal and interest of the original bond issue and the additional bond issue, the fixed annual rental was increased from $195,000 to $250,000. This was done by a supplemental lease contract entered into by the county and the Authority.

Plaintiff, a taxpayer and resident of the county, for himself and all other taxpayers of the county, filed his complaint asking the court to enter a judgment declaring that the "lease contract", as supplemented, is not a lease but rather a disguised contract of purchase by installments and further declaring that the aggregate of the "rentals" constitutes a present indebtedness of the county incurred in contravention of State statute and, therefore, void. The complaint also sought relief enjoining the payment of county funds to the Authority pursuant to the "lease contract". The trial court granted defendants' motion for summary judgment.

Basically, plaintiff urges three positions. The first is that, for a number of reasons, the so-called lease is not a lease, but a contract of purchase. The second is that the agreement, even if determined to be a lease, creates a present debt in excess of the statutory limits for Berrien county. The third is that the question of reasonable rental raises an issue of fact which should not have been disposed of by summary judgment.

The county has proceeded under the above-mentioned Building Authority Act. Had the county attempted to build this building directly, it most likely would have been illegal. See *State* v. *Doyle & Associates* (1965), 374 Mich 222. The agreement and procedure in the case at bar must be judged in the light of the Building Authority Act. In effect the Act has been held valid. *Walinske* v. *Building Authority* (1949), 325 Mich 562, and *Rude* v. *Muskegon County Building Authority* (1953) 338 Mich 363.

Many of plaintiff's claims already have been presented and determined by the Supreme Court adversely to the plaintiff's position in the *Walinske* and *Rude* cases. The claims of the plaintiff are some-

what similar to the claims made in *Walinske*. (See *Walinske* v. *Building Authority, supra,* page 574).

Plaintiff asserts that the agreement here is not a lease, because the payment of $70,000 for a site and $450,000 initial rental, prior to taking possession, were donations. The agreement provides that these sums be credited to the county as rent. Such advances were in effect held proper in the *Walinske* case.

That the term of the lease in question is relatively short and results in higher annual rentals, is not ground for objection. The statute provides for the minimum and maximum terms of the lease. It cannot be for a term in excess of 40 years[1] and it cannot be for a term expiring sooner than the last maturity date on the bonds.[2] The short term will save the county a substantial sum in interest costs.

The statute contains no prohibition against the county assuming the risk of loss or paying the operating expenses of the building. The *Walinske* case recognized that Detroit and Wayne county would be paying operational expenses. That these costs are paid directly rather than to the Authority in the form of increased rentals, cannot be construed to change the agreement from the lease provided for by the statute to a contract of sale.

The conveyance of the premises to the county on the expiration of the lease does not convert it to a contract of sale, for such result is anticipated and specifically authorized by the statute. Conveyance by the Authority to the county at the expiration of the lease was involved in both the *Walinske* and *Rude* cases. The fact that the Authority is created for the apparent purpose of providing the incorpo-

---

[1] CL 1948, § 123.958, as amended by PA 1967, No 200 (Stat Ann 1968 Cum Supp § 5.301 [8]).

[2] CL 1948, § 123.961, as amended by PA 1965, No 5 (Stat Ann 1968 Cum Supp § 5.301 [11]).

rating unit with a method to acquire buildings is not a valid objection. It is a logical disposition of the building to give it to the incorporating unit after the financing is paid. The Building Authority Act reflects this in its own terms, for in section 13 (CL 1948, § 123.963 [Stat Ann 1961 Rev § 5.301(13)]) it provides as follows:

"When all bonds issued pursuant to the provisions of this act shall have been retired, then the authority may convey the title to the property acquired hereunder to the incorporating unit or units in accordance with the provisions therefor contained in the articles of incorporation, or, if there be no such provisions, then in accordance with any agreement adopted by the respective governing bodies of the incorporating units."

The statute thus provides that the Authority may convey the title to the property, after the bonds have been retired, to the incorporating unit.

The plaintiff has failed to demonstrate that the contracts in question, under the Building Authority Act, represent county debt in violation of any statute. Section 14 of the Building Authority Act provides:

"The powers herein granted shall be in addition to those granted by any statute or charter."

It is apparent that the legislature intended, by that act, to create a new means for municipalities to solve pressing problems which could not be solved within the old framework of the law. The powers granted by the act were of a sort not previously possessed by the municipalities affected.

"The method is new, but is being adopted by municipal corporations, under enabling acts, to provide for much needed facilities which they otherwise could not have without raising the tax rates they

could charge or because of bond debt limitations."
*Walinske* v. *Building Authority, supra,* page 581.

Annual rental payments under a lease constitute
current operating expenses and do not constitute a
debt in the constitutional sense. Consequently, the
statutory provisions for limitations are not appli-
cable. Furthermore, the pledge of the county is
only to levy sufficient taxes to meet the rental pay-
ments.

"The city and county will not pledge their full
faith and credit, but they merely agree to pay over
a term of years a reasonable annual rental for an
absolute necessity the same as they would for other
services." *Walinske* v. *Building Authority, supra,*
page 581.

As in *Walinske* the faith and credit of the county
are not pledged to the payment of the bonds, which
are the sole obligation of the Authority.

In *Rude,* the trial court had held that Muskegon
county's contract with the building authority created
debt in excess of the specified limits. The Supreme
Court said:

"In the instant case, the trial court held:
" 'Under the admitted facts in this case, in 1952
Muskegon county had an assessed valuation of $223,-
257,936. One-tenth of 1 mill, in the case of Muskegon
county, is $22,235.79 (corrected from the record to
$22,325.79). A proposed building in the approxi-
mate amount of $200,000 would violate the provi-
sions of Michigan State Constitution (1908, art 8,
§ 10). Therefore, the creation of a corporation un-
der the provisions of PA 1948 (1st Ex Sess), No 31,
§ 4, to accomplish this purpose, is invalid.'
\*     \*     \*

"We do not consider that the assumption by the
Authority of a debt of $200,000 repayable so far as
the county is concerned only from reasonable rents

necessary for the county to pay, is a *raising* of $200,-
000 *in the county* within the meaning of article 8,
§ 10." *Rude* v. *Muskegon County Building Authority*
(1953), 338 Mich 363, 369, 370.

The quoted holding of the trial court was reversed.
The fact that the Supreme Court premised its rul-
ing on the necessity that only a reasonable rental
be paid by the county to the building authority,
in no way detracts from the substance of the ruling.
This decision of the Michigan Supreme Court seems
to indicate clearly that, if there is a proper exer-
cise of the powers conferred by the Building Author-
ity Act, then, no debt is incurred.

Const 1963, art 9, § 6 provides in the first portion
of the second paragraph, (after a statement of the
general 15-mill limitation) :

"The foregoing limitations shall not apply to taxes
imposed for the payment of principal and interest
on bonds or other evidences of indebtedness or for
the payment of assessments or contract obligations
in anticipation of which bonds are issued, which
taxes may be imposed without limitation as to rate
or amount."

The language is applicable to the situation here.
The county is, thus, authorized to levy annually such
ad valorem taxes as may be necessary to meet its
obligations to the Authority under the contractual
arrangements of the parties.

The trial court granted defendants' motion for
summary judgment on the ground that plaintiff's
complaint failed to state a claim upon which relief
could be granted. In considering a motion for sum-
mary judgment, all well pleaded allegations in the
complaint are assumed to be true. *Bielski* v. *Wol-
verine Insurance Company* (1967) 379 Mich 280.
The trial court held that there is no dispute as to
the basic facts involved in this case. No authority

need be cited to support the proposition, that only well-pleaded facts are, upon motion for summary judgment, taken as true. There is no genuine issue of fact in this case. Appellants' bare assertion, that the rent is unreasonable, is merely a conclusion. The Act, fairly read, contemplates that the reasonable annual rental shall be such an amount as will retire principal and interest on the bonds as they fall due. Only if the agreed fixed annual rental would produce funds in excess of the amount required to satisfy the obligations would the rental be excessive and unreasonable. Such is not the case here. The proceedings and agreements here involved comply in every respect with the statutory provisions. Conceding every well-pleaded fact in the complaint to be true, this Court would not be justified in finding that the agreement was anything other than the statutorily contemplated lease that it purports to be. The agreements involved being valid and not violative of any constitutional or statutory debt limits, it follows that the complaint, accepting the well-pleaded facts therein as true, fails to state a case upon which relief can be granted and defendants' motion for summary judgment was properly granted.

The decision of the trial court is therefore affirmed. A public question being involved, no costs will be allowed.

BURNS, P. J., and QUINN, J., concurred.